(January 11, 1963)

■ In the Matter of the Claim of RALPH O. PATT, Respondent. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant; MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

MEMORANDUM BY THE COURT. Appeal from a nonunanimous decision of the Unemployment Insurance Appeal Board which reversed a determination of a Referee and held appellant, an alleged employer, liable for unemployment insurance contributions on wages paid claimant, a member of an orchestra which on two occasions in August, 1957 gave public performances in parks of the City of New York under the sponsorship of its Park Department, the cost of which appellant assumed, paid and charged to advertising expense.

The services of claimant were rendered pursuant to the provisions of the so-called musician's union Form B contract which denominated appellant as the employer and, in part, provided: " The employer shall at all times have complete control of the services which the employees will render under the specifications of this contract."

The evidence relied on by appellant in support of the contention that the clause was intended by the parties to be a convenient formal proviso which overlooked the real fact of dominion in order to comply with a union requirement merely demonstrated that the employer failed affirmatively to exercise the control expressly reserved to it under the unambiguous terms of the contract. Upon proof to like effect we have held in three recent cases that the board within its fact-finding power could properly find the pertinent contract provision decisive. (*Matter of American Legion* [*Catherwood*], 10 A D 2d 400; *Matter of Hotel Wagner Corp.* [*Catherwood*], 11 A D 2d 568; *Matter of Geuvara* [*Hotel Syracuse*] [*Catherwood*], 17 A D 2d 876.)

The decision should be affirmed, with one bill of costs to be apportioned between respondents.

HERLIHY, J. (dissenting). In my opinion, the question of control and the proof associated therewith is not material to the issue and therefore is not decisive of this appeal as determined by the majority. The case presents the novel question of the obligation of the contractural employer to pay contributions to the Unemployment Insurance Fund when the bandleader agent has, in the first instance, paid contributions on behalf of the claimant musician who has received benefits.

The facts are not in dispute. The bandleader paid unemployment insurance contributions on behalf of his employee, the claimant herein, and accordingly, in my opinion, there was no necessity, indeed no right, on the part of the appeal board to go behind that employer-employee relationship and subject Consolidated Edison to the payment of contributions in accordance with the protective provisions of the Form B contract and rider. The apparent intent of the rider was to provide that when the bandleader, the agent, made payments of unemployment insurance contributions, the agreement should be inoperative

as to the contractual employer. This being so, the issue of control and cases relating thereto are not decisive.

It might be further argued that the factual situation herein is distinguishable from *Matter of Basin St.* (*Lubin*) (6 N Y 2d 276) and *Matter of American Legion* (*Catherwood*) (10 A D 2d 400) as *inter alia*, the program herein was not performed on the premises of the alleged employer. It further appears that while Consolidated Edison received some advertising privileges it was primarily, at the solicitation of the New York City Park Department, sponsoring and paying for a musical program for the benefit and enjoyment of the public and no employer-employee relationship existed between the claimant and Consolidated Edison unless mandated by the contract and the rider. The assessment of contributions, under such circumstances, would tend to discourage sponsorship of worthwhile public enterprises.

In *Matter of Basin St.* (*Lubin*) (*supra*) where the case rested solely on the contract and the rider, the court stated at page 278: " It is settled law that the identity of the employer must be ascertained on the facts of the individual case, and that no written agreement may preclude an examination into the actual relationship of the parties ".

With reference to the contract, the court further stated at page 278: " In addition, it constituted the band leader the *agent* of the operator for purposes of *distributing* the payroll and replacing musicians."

And again at page 279: " By agreeing that the band leader would make the withholdings and pay the taxes due on the salaries of the musicians, the parties simply continued the agency established in the main contract for the convenience of the principal."

It may be argued that these quotations are taken out of context but they are used solely to show the recognition of the agency relationship.

The application of these legal principles to the status of Consolidated Edison slants in the direction of finding the employer relationship to be a " fiction " under the terms of the contract and rider and therefore inoperative as to Consolidated Edison.

It has been legally determined that the contract may be " fictional " as to the essential element of control (see *Matter of Savoy Ballroom Corp.* [*Lubin*], 286 App. Div. 684, 691) and it most certainly follows that where the agent has fulfilled his obligation under the terms of a contract and rider, as to the payment of contributions, the contractual principal is beyond the reach of the Unemployment Insurance Appeal Board. The essential requirement of the law — payment of contributions — has been complied with by the agent and under such circumstances demand upon the principal would constitute double contributions which are not contemplated or within the framework of the Unemployment Insurance Law.

I would therefore reverse and reinstate the determination of the Referee that the claimant was not an employee of Consolidated Edison and its account was not chargeable with benefits paid to the claimant.

Bergan, P. J., Gibson and Taylor, JJ., concur in Memorandum by the court; Herlihy, J., dissents, in a separate memorandum, and votes to reverse and reinstate the determination of the Referee.

Decision affirmed, with one bill of costs to be apportioned between respondents.